**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TARA SANTANGELO,<br>                    Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.; DFF ECOMM,<br>MAXIMILANO EZEQUIEL FLOTTA, and<br>FILULA,<br>                    Defendants. | CIVIL ACTION NO. |

**AMAZON'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), Defendant Amazon.com, Inc. (hereinafter "Amazon" or "Moving Defendant") hereby removes the above-captioned action, which was filed in the Pennsylvania Court of Common Pleas, Montgomery County, Case ID 2026-07296, to the United States District Court for the Eastern District of Pennsylvania. In support of removal, Amazon states as follows:

**A.      Facts and Parties.**

1.      On April 22, 2026, Tara Santangelo (hereinafter, "Plaintiff") initiated this product liability action against Amazon, Maximilano Ezequiel Flotta, dff-ecomm, and FILULA. (hereinafter, "Defendants") by filing a Complaint in the Pennsylvania Court of Common Pleas, Montgomery County. (*See generally* Ex. A, Civil Cover Sheet and Complaint).

2.      Amazon was served a copy of the Complaint on April 27, 2026; however, Plaintiff has not yet served a copy of the Complaint on dff-ecomm, FILULA, and Maximilano Ezequiel Flotta. (*See* Ex. B, Notice of Service of Process and C, Docket).

3.      In her Complaint, Plaintiff alleges that a glass stovetop saucepan designed, manufactured, and sold by Maximilano Ezequiel Flotta, dff-ecomm, and FILULA on www.amazon.com shattered on May 18, 2024, causing boiled water to fall onto Plaintiff. (*See* Ex.

A, Compl. at ¶¶ 1, 2-6, 10-14, 18).

4.      Plaintiff alleges that she sustained severe burns, including to her abdominal area, right thigh, and right foot, which required emergency care, medications, and follow up wound care. (*See* Ex. A, Compl. at ¶¶ 22-23). She also seeks damages for past and future scarring, pain and suffering, emotional distress, medical expenses (past and future), lost earnings and/or loss of earning capacity, and other unspecified "compensable losses." (*See* Ex. A, Compl. at ¶ 34).

5.      Plaintiff asserts claims against Defendants sounding in strict liability, breach of warranty, negligence, violation of the unfair trade practices and consumer protection law. (*See generally id.*).

6.      Plaintiff seeks to recover compensatory and treble damages from Defendants in an amount in excess of $50,000. (*See id.*).

**B.      Removal is Proper.**

7.      This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and Amazon has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446. *See In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Namely, diversity of citizenship is satisfied and the amount in controversy exceeds $75,000, exclusive of interest and costs, and this removal is timely and does not require consent of any other named defendant as they have not been properly served and joined. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446; *see also Liebig v. MTD Prod. Inc.*, No. CV 22-4427, 2023 WL 3689983, at *3 (E.D. Pa. May 25, 2023).

**C.      Diversity of Citizenship is Satisfied.**

8.      Complete diversity exists, and at all relevant times has existed, between the parties to this action. *See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt.,*

2

*Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

9.    Plaintiff is a citizen of the Commonwealth of Pennsylvania, as alleged in the Complaint.

10.    Defendant Maximilano Ezequiel Flotta[1] is a citizen of Wyoming, as alleged in the Complaint, and/or of Argentina. Amazon's records reflect that Mr. Flotta's address is Antartida Argentina 1980, Boulogne, Provincia de Buenos Aires, 1609, Argentina.

11.    For diversity purposes, a corporation is deemed to be a citizen of every state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Grand Union Supermarkets*, 316 F.3d at 410.

12.    Amazon.com, Inc. is incorporated in Delaware and has its principal place of business in Washington. (*See* Ex. A, Compl. at ¶ 9; *see also* Ex. D, State of Delaware Entity Details). Therefore, Amazon.com, Inc. is a citizen of Delaware and Washington.

13.    For diversity purposes, a limited liability company's ("LLC") citizenship is determined by the citizenship of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). After a good faith search of Amazon's records and public records, including business entity filings, articles of organization, and trademark information, Amazon has been unable to locate the individual members of dff-ecomm LLC. However, based on the information obtained by Amazon, it appears that any members are citizens of Wyoming or Argentina and none are citizens of Pennsylvania. (*See* Ex. E, Articles of Organization for dff-ecomm, LLC).

14.    Amazon's records are consistent with the Articles of Organization and show a business address for dff-ecomm of 30 N. Gould, STE R, Sheridan, WY 82801. They further show

---

[1] Amazon's records and Paragraph 5 of Plaintiff's Complaint indicate that Plaintiff purchased the at-issue product from the third-party seller, "Maximiliano Ezequiel Flotta" – not "Maximilano Ezequiel Flotta," as identified in the case caption. For the purposes of this removal, Amazon interprets each reference to "Maximilano Ezequiel Flotta" to include "Maximiliano Ezequiel Flotta."

that Mr. Flotta's name is on the account for seller dff-ecomm; Mr. Flotta is a citizen of Wyoming and/or Argentina.

15.     Upon information and belief, FILULA is not a business entity, rather it is a trademark registered to dff-ecomm LLC. (*See* Ex. F, FILULA Trademark Certificate).

16.     Because Plaintiff is a citizen of Pennsylvania while the named defendants are citizens of Delaware, Washington, Wyoming, and Argentina; complete diversity of citizenship exists.

**D.    <u>The Amount in Controversy Requirement is Satisfied.</u>**

17.     The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case.

18.     Pursuant to 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of costs and interest.

19.     Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

20.     To determine the amount in controversy, the Court should consider a "reasonable reading of the value of the rights being litigated" based on the allegations in the Complaint at the time of removal. *McCoy v. Progressive Ins. Co.*, CV 20-5592, 2020 WL 7056332, at *1 (E.D. Pa. Dec. 2, 2020) (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395, 397 (3d Cir. 2016)).

21.     Although Plaintiff does not quantify her exact damages, she alleges that sustained "severe" and "significant" burns to multiple areas of her body, which required emergency care,

medication, and follow up treatment; and she seeks damages for past and future scarring, pain and suffering, emotional distress, medical expenses (past and future), lost earnings and/or loss of earning capacity, and other unspecified "compensable losses." (*See* Ex. A, Compl. at ¶¶ 22-23, 34). Where the plaintiff has not expressly limited the amount sought in the complaint to less than the jurisdictional minimum, the Court must apply the legal certainty test, under which federal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff cannot recover the jurisdictional amount. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009); *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007).

22.     In addition, Plaintiff seeks compensatory and treble damages from ***each*** defendant in an amount in excess of $50,000, as directly stated in the Complaint. (*See generally* Ex. A).

23.     Therefore, a fair reading of the Complaint establishes a reasonable probability that Plaintiff is alleging damages in excess of $75,000, exclusive of costs and interest.

24.     Accordingly, the amount in controversy requirement is satisfied, which renders this matter properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(b).

**E.     Procedural Requirements for Removal.**

25.     A Notice of Removal must be filed within 30 days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

26.     Plaintiff served Amazon with the Complaint on April 27, 2026 and this Notice of Removal is being filed on May 22, 2026, thus removal is timely. (*See* Ex. B, Notice of Service of Process).

27.     This action is being removed to the United States District Court of the Eastern District of Pennsylvania as the "district court for the district and division embracing the place where such action is pending" (Montgomery County, Pennsylvania). *See* 28 U.S.C. § 1441(a).

28.    In cases involving multiple defendants, "all defendants who have been properly joined **and served** must join in or consent to the removal of the action." 28 U.S.C. § 1446 (b)(2)(A) (emphasis added). This is sometimes referred to as the unanimity rule.

29.    Upon information and belief, only Amazon has been served with the Complaint and, therefore, consent of Maximilano Ezequiel Flotta, dff-ecomm, and FILULA (who is not a business entity) is not required to remove. (*See* Ex. C, Docket).

30.    Amazon, as the removing Defendant, will file this Notice of Removal with the Clerk of the Pennsylvania Court of Common Pleas, Montgomery County pursuant to 28 U.S.C. § 1446 (d).

**WHEREFORE**, Defendant Amazon.com, Inc. hereby removes this case to the United States District Court for the Eastern District of Pennsylvania, respectfully requests that no further proceedings be had in the Pennsylvania Court of Common Pleas, Montgomery County, and requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

By:    */s/ Erin W. Grewe*
Emily J. Rogers, Esquire
Erin W. Grewe, Esquire
1325 Morris Drive, Suite 110
Chesterbrook, PA 19087
Phone: (610) 964-1900
Facsimile: (610) 964-1981
Email: erogers@campbell-trial-lawyers.com
     egrewe@campbell-trial-lawyers.com
*Attorneys for Defendant Amazon.com, Inc.*

Dated: May 22, 2026

## CERTIFICATE OF SERVICE

I, Erin W. Grewe, Esquire, do hereby certify that on May 22, 2026, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF. Said document was also sent via electronic mail to the following counsel of record:

**MURPHY & DENGLER**
Frank P. Murphy, Esquire
484 Norristown Rd, Suite 124
Blue Bell, PA 19422
fpm@fmurphylaw.com
*Counsel for Plaintiff*

Said document was sent via first class mail to the following unrepresented parties:

**MAXIMILIANO EZEQUIEL FLOTTA, DFF ECOMM, AND FILULA**
30 N. Gould Street, Suite R
Sheridan, WY 82801

CAMPBELL CONROY & O'NEIL, P.C.

By:    */s/ Erin W. Grewe*
        Erin W. Grewe, Esquire
        *Attorney for Defendant Amazon.com, Inc.*