# EXHIBIT A

**MURPHY & DENGLER+**

ATTORNEYS AT LAW

Frank P. Murphy*        fpm@fmurphylaw.com

Cynthia L. Dengler**      cld@fmurphylaw.com

484 Norristown Road, Suite 124
Blue Bell, Pa 19422

Phone: 610-272-4222
Fax: 610-272-2549

Web: www.fmurphylaw.com

April 22, 2026

CERTIFIED MAIL
Amazon.com, Inc.
c/o Corporation Services Company
251 Little Falls Drive
Wilmington, DE 19808

Dff-ecomm
c/o Maximilano Ezequiel Flota
30 N. Gould Street
Suite R
Sheridan, WY 82801

Maximilano Ezequiel Flota
30 N. Gould Street
Suite R
Sheridan, WY 82801

Filula
c/o Maximilano Ezequiel Flota
30 N. Gould Street
Suite R
Sheridan, WY 82801

Re:    Tara Santangelo v. dff-ecomm, Filula, Maxmilano Ezequiel Flota, and
       Amazon.com, Inc.

Dear Sir/Madam:

Enclosed please find a time-stamped copy of the Civil Complaint filed in the above matter.
Service of this lawsuit is by this Certified Mail pursuant to the Pennsylvania Long Arm Statute.
Please review the NOTICE TO DEFEND located on the first page concerning your rights.

Very truly yours,

Frank P. Murphy

Enclosures

+ Fictitious name for Frank P. Murphy & Associates, LLC
*Also member of Fla. Bar   **Also member of Ohio Bar

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

TARA SANTANGELO

vs.

DFF ECOMM

NO. 2026-07296

## NOTICE TO DEFEND – CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

TARA SANTANGELO ,

vs.

DFF ECOMM

NO.  2026-07296

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:    FRANK P MURPHY, ESQ., ID: 25361

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**    [ ] Yes    [X] No

**MDJ Appeal**    [ ] Yes    [X] No            **Money Damages Requested** [X]

**Commencement of Action:**                    **Amount in Controversy:**

Complaint                                  More than $50,000

## Case Type and Code

Tort: _____

Product Liability _____

**Other:** _____

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM. Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents diferently than non-confidential information and documents.

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Frank P. Murphy, Esquire**
**Murphy & Dengler**
484 Norristown, PA 19401
Atty. ID # 25361
(610)-636-9810
fpm@fmurphylaw.com

Attorney for Plaintiff

| | |
|---|---|
| TARA SANTANGELO | IN THE COURT OF COMMON PLEAS |
| 21 Arbor Court | of MONTGOMERY COUNTY, PENNSYLVANIA |
| West Norriton, PA | |
| v. | |
| dff ecomm | CIVIL ACTION |
| and | |
| FILULA | |
| and | |
| MAXIMILANO EZEQUIEL FLOTTA | |
| All of the above located at | |
| 30 N. Gould Street, Suite R | |
| Sheridan, WY. 82801 | |
| and | |
| AMAZON.COM, INC. | Jury Trial Demanded |
| c/o Corporation Service Company | |
| 251 Little Falls Drive | |
| Wilmington, DE 19808 | |

**COMPLAINT**

## I. PARTIES

1.     Plaintiff, Tara Santangelo (Hereafter "Plaintiff") is an adult individual residing at 21 Arbor Court, West Norriton, Pennsylvania 19403.

2.     Defendant dff ecomm ( Seller "dff ecomm") is identified on Amazon as the seller of the product at issue and, upon information and belief, engaged in the business of selling consumer products, including the product described below. Address as listed in the caption. See also Exhibit "A."

3.     Defendant, FILULA is identified on the Amazon product page for the product in question as the "Manufacturer" of the Product. See exhibit "A."

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.    The Product listing identifies Country of Origin: China.

5.    Defendant, Maximiliano Ezequiel Flotta ("Flotta") is identified in seller/manufacturer information associated with the Product as the manufacturer contact and is listed as doing business at 30 N. Gould Street, Suite R, Sheridan, WY 82801.

6.    Defendant Amazon.com, Inc. ("Amazon") operates the Amazon online marketplace platform through which the product in question was purchased; the product page reflects "Ships from Amazon"and identifies dff ecomm as the seller. Address listed in the caption.

7.    Each Defendant, by manufacturing, importing, distributing, marketing, selling, supplying, shipping, and/or otherwise placing the product in question into the stream of commerce, is properly subject to suit for injuries caused by the product as pleaded below.

8.    This Court has jurisdiction over this civil action, and venue is proper in Montgomery County because Plaintiff resides and the injuries occurred in Montgomery County, PA.

## II. FACTUAL ALLEGATIONS

9.    Plaintiff incorporates by reference paragraph 1 through 8 as though fully set forth herein.

### A. The Purchase and Transaction Identifiers

10.   On or about September 30, 2023, Plaintiff purchased through Amazon a glass stovetop cooking saucepan advertised as a "borosilicate glass saucepan," approximately 64 oz./1.9 liter.

11.   Plaintiff's purchase is reflected by Amazon Order No. 114 1800878 2902646. Exhibit "A."

12.   The Product's listed seller was dff ecomm.

13.   The Product page also reflected "Ships from Amazon."

14.   The Product was marketed as "Glass Pots For Cooking on Stove (64oz/1.9L) ... Borosilicate Glass Saucepan" and identified the Manufacturer as FILULA.

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**B. The Express Safety / Performance Representations (Warranty Specificity)**

15.    The Amazon listing represented, among other things, that the Product had:

a. "ROBUST CONSTRUCTION" with "0.16" thickness," contrasted with competitors' "0.12" designs;

b. "HEAT RESISTANT" and "safe for use on stovetops," and stated it was safe for use in other temperature environments (microwave/oven/dishwasher/refrigerator) as described;

c. "100% lead free, non toxic borosilicate glass;"

d. "integrated handles (not glued)" that "remain cool for safe handling" as described.

16.    Plaintiff purchased and used the Product for stovetop cooking in reliance on the Product's representation that it was borosilicate, heat resistant, and safe for stovetop cooking.

**C. Use History and Storage (Foreseeable Use; Lack of Misuse)**

17.    The Product was delivered in early October 2023.

18.    Plaintiff used the Product once in October 2023 (to boil frozen corn), then hand washed it and stored it in a kitchen cabinet on a shelf in its original box with other cookware without stacking other items on top of it or placing it under items.

**D. The Incident and Injuries (Specific mechanism of failure)**

19.    On May 18, 2024, Plaintiff used the Product a second time on her electric stovetop to cook frozen green beans: she placed water in the pot, heated to medium high, reduced to medium after boiling, added frozen beans, and cooked approximately ten (10) minutes.

20.    Plaintiff turned off the burner and carried the Product by its handle toward the sink.

21.    As Plaintiff approached the sink, she heard a cracking sound and, almost instantaneously, the bottom of the Product shattered, causing glass and recently boiled water to cascade onto Plaintiff's right lower abdomen, right thigh and right foot.

22.    Plaintiff sustained severe burns including an abdominal burn area described as approximately 10 cm and significant burns to her right thigh approximately 20 cm as well as about 10cm burn to her right foot as well

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23.    Plaintiff required emergency care and treatment for blistering burns and received pain medication and burn cream, with follow up wound care.

24.    The Product failed during ordinary and foreseeable use consistent with the manner it was marketed and sold.

### E. Defect Allegations

25.    Plaintiff avers that borosilicate cookware marketed as stovetop safe should not catastrophically shatter during ordinary stovetop cooking and handling as described.

26.    Upon information and belief, the Product's catastrophic shattering was caused by one or more defects present at the time the Product left the manufacturer's and seller's control, including :

   a. Improper annealing/cooling resulting in residual internal stress and sudden fracture;

   b. Material composition variability inconsistent with the Product's claimed borosilicate performance characteristics;

   c. Inclusions, voids, bubbles, or internal flaws introduced in manufacturing;

   d. Thickness non uniformity and/or stress concentration at the base or base rim interface;

   e. Latent microcracking or surface defects introduced during manufacture, finishing, or quality control.

27.    The defect(s) caused the Product to be unreasonably dangerous and to fail in a manner that exposed Plaintiff to foreseeable scalding hazards.

## IV.    CAUSES OF ACTION

### COUNT I — STRICT PRODUCTS LIABILITY (MANUFACTURING DEFECT)
(Against dff ecomm, FILULA, Flotta, and Amazon — jointly and severally)

28.    Plaintiff incorporates paragraphs 1–27 as though fully set forth herein.

29.    The Product was in a defective condition when it left one or more Defendants' control and reached Plaintiff without substantial change.

30.    The Product catastrophically shattered during ordinary, foreseeable stovetop use consistent with its marketed purpose.

31.    The Product's manufacturing defect(s), including one or more of the manufacturing defects pleaded in ¶ 26, were a factual cause of Plaintiff's injuries.

32.    dff ecomm is liable as the identified seller; FILULA is liable as the identified manufacturer/brand; Flotta is liable to the extent it controlled and/or directed the Product's U.S. distribution and sale as identified in seller/manufacturer information.

33.    Amazon is liable in the alternative to the extent it is determined to be a seller/distributor in the chain of distribution and/or to have participated in the transaction and shipment as reflected by "Ships from Amazon."

34.    As a direct and factual cause of this product defect Plaintiff suffered severe burns, on her stomach, right leg and right foot, including past and future scarring, pain and suffering, emotional distress, medical expenses (past and future), lost earnings and/or loss of earning capacity, and other compensable losses.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in excess of $50,000 plus interest, costs, and all other relief allowed.

## COUNT II — STRICT PRODUCTS LIABILITY (DESIGN DEFECT)
(Against dff ecomm, FILULA, Flotta, and Amazon — jointly and severally)

35.    Plaintiff incorporates Plaintiff paragraphs 1–34 as though fully set forth herein.

36.    The Product, as designed and marketed for stovetop cooking, lacked adequate safety design margin to prevent catastrophic bottom fracture during foreseeable heating/cooling cycles and normal handling, rendering it unreasonably dangerous.

37.    The design defect was a factual cause of Plaintiff's injuries listed above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in excess of $50,000 plus interest, costs, and all other relief allowed.

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT III — STRICT PRODUCTS LIABILITY (FAILURE TO WARN / INADEQUATE INSTRUCTIONS)
### (Against dff ecomm, FILULA, Flotta, and Amazon — jointly and severally)

38.    Plaintiff incorporates Plaintiff paragraphs 1–37 as though fully set forth herein.

39.    Defendants failed to provide adequate warnings and instructions regarding the risk of sudden catastrophic shattering during ordinary stovetop use and handling, despite marketing the Product as "heat resistant" and "safe for use on stovetops."

40.    Adequate warnings and instructions would have altered Plaintiff's purchase and/or use decisions, and the inadequate warnings/instructions were a factual cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in excess of $50,000 plus interest, costs, and all other relief allowed.

## COUNT IV — NEGLIGENCE
### (Against all Defendants)

41.    Plaintiff incorporates paragraphs 1–40 as though fully set forth herein.

42.    Defendants owed duties of reasonable care in the design, manufacture, inspection, testing, quality control, warnings/instructions, marketing, distribution, sale, and shipment of the Product.

43.    Defendants breached those duties by, inter alia:

a. Placing into commerce a pot that could catastrophically shatter during ordinary stovetop use;

b. Failing to conduct adequate manufacturing quality control against thermal stress and fracture risk;

c. Failing to provide adequate warnings/instructions;

d. Marketing the Product as heat resistant and stovetop safe despite its dangerous propensity to fail as occurred.

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44. Defendants' negligence was a factual cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in excess of $50,000 plus interest, costs, and all other relief allowed.

### COUNT V — BREACH OF EXPRESS WARRANTY (13 Pa.C.S. § 2313)
(Against dff ecomm, FILULA, Flotta; and Amazon )

45. Plaintiff incorporates paragraphs 1–44 as though fully set forth herein.

46. Defendants made affirmations of fact, promises, and descriptions that became part of the basis of the bargain, including that the Product was "borosilicate," "heat resistant," "safe for use on stovetops," and of robust construction and thickness as described.

47. Plaintiff relied on these affirmations and descriptions in purchasing and using the Product for stovetop cooking.

48. The Product did not conform to the express warranties because it catastrophically shattered during ordinary stovetop cooking/handling and caused injury.

49. Plaintiff suffered damages as a result of the breach of the express warranties it made.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in excess of $50,000 plus interest, costs, and all other relief allowed.

### COUNT VI — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(13 Pa.C.S. § 2314)
(Against dff ecomm, FILULA, Flotta; and Amazon )

50. Plaintiff incorporates paragraphs 1–49 as though fully set forth herein.

51. The Product was not fit for the ordinary purposes for which such goods are used—safe stovetop cooking—because it shattered during ordinary use.

52. Plaintiff suffered damages as a result as more fully described herein.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in excess of $50,000 plus interest, costs, and all other relief allowed.

## COUNT VII — VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 P.S. § 201 1 et seq. ("UTPCPL")
*(Against Defendants dff ecomm, FILULA, Flotta, and Amazon — Jointly and Severally)

53.    Plaintiff incorporates by reference Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.    In the course of trade and commerce, Defendants marketed, advertised, offered for sale, and sold the Product using specific affirmative representations of safety and performance, including but not limited to statements that the Product was:

a. Made of "borosilicate glass';

b. "HEAT RESISTANT";

c. "safe for use on stovetops";

d. Of "ROBUST CONSTRUCTION" with approximately 0.16 inch thickness;

e. "100% lead free" and "non toxic."

55.    These statements were communicated to Plaintiff through the Amazon product listing and were presented to Plaintiff as factual descriptions and assurances regarding the Product's safety and suitability for ordinary stovetop cooking.

56.    Defendant dff ecomm used the above representations to market and sell the Product to Plaintiff as the identified seller.

57.    Defendant FILULA, identified as the Brand and Manufacturer, originated, authorized, or adopted the Product descriptions and safety representations used to market the Product.

58.    Defendant Flotta, as the individual identified in the seller/manufacturer information associated with the Product, participated in, controlled, authorized, or benefitted from the marketing and sale of the Product using those representations.

59.    Defendant Amazon, in the alternative, is liable under the UTPCPL because Amazon:

a. Actively presented the Product listing and safety representations to Plaintiff as

part of the purchase transaction;

> b. Identified itself as the shipper ("Ships from Amazon");

> c. Facilitated and completed the sales transaction in which the deceptive representations formed part of the basis of the bargain.

60. The above representations were misleading and deceptive, in that the Product was not in fact safe for ordinary stovetop cooking and was prone to sudden catastrophic shattering, as occurred during Plaintiff's normal and foreseeable use.

61. A reasonable consumer would interpret the representations "heat resistant," "safe for use on stovetops," and "robust construction" to mean that the Product would not suddenly fail and explosively shatter during ordinary stovetop cooking.

62. Plaintiff justifiably relied on Defendants' affirmative representations of safety and stovetop suitability when deciding to purchase and use the Product for stovetop cooking.

63. Plaintiff used the Product exactly as marketed and intended — on an electric stovetop, for boiling vegetables, and handling it in a normal household manner.

64. As a direct and proximate result of Defendants' deceptive conduct and misrepresentations, Plaintiff suffered ascertainable losses, including but not limited to:

> a. Severe burn injuries, including skin pigmentation changes;

> b. Medical expenses incurred and to be incurred;

> c. Pain and suffering;

> d. Loss of earning capacity and other economic losses;

> e. Out of pocket loss of the Product itself.

65. Defendants' deceptive acts were a substantial factor/factual cause in causing Plaintiff's injuries and damages.

66. Defendants' conduct violates 73 P.S. § 201 2(4), including but not limited to subsections (v), (vii), and the catch all provision prohibiting fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM. Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award an amount in excess of $50,000 including:

    a. Actual damages;
    b. Treble damages as permitted by 73 P.S. § 201 9.2;
    c. Costs and reasonable attorneys' fees;
    d. Pre and post judgment interest;
    e. Such other relief as the Court deems just and proper.

Respectfully submitted,

MURPHY & DENGLER

Frank P. Murphy, Esquire
Attorney for Plaintiff

Case# 2026-07296-0 Docketed at Montgomery County Prothonotary on 04/22/2026 12:54 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

       I, Tara Santangelo, being duly sworn according to law  depose and state under the penalties of 18 Pa.C.S. §4904  (relating to unsworn falsification to authorities) that the statements contained in the foregoing are true and correct to the best of my knowledge, information and belief.

_4/20/26_
Date

_Tara Y. Santangelo_
Client