**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TARA SANTANGELO,<br>*Plaintiff,*<br>v.<br>AMAZON.COM, INC., DFF ECOMM, LLC, FILULA, and MAXIMILIANO EZEQUIEL FLOTTA,<br>*Defendants.* | CIVIL ACTION<br>NO. 26-3530 |

**Pappert, J.** **August 14, 2026**

**MEMORANDUM**

Tara Santangelo sued Amazon, dff ecomm, Filula and Maximiliano Ezequiel Flotta, alleging she suffered injuries while using glass cookware she bought from defendants via the Amazon marketplace. Amazon filed crossclaims, and dff ecomm and Flotta move to dismiss all claims against them for lack of personal jurisdiction. The Court grants the motions and dismisses the complaint without prejudice to Santangelo's right to refile in an appropriate forum.

I

Flotta, a resident of Argentina, is the sole member of dff ecomm, a limited liability company. (Flotta Decl. ¶ 4, Dkt. No. 13-2); (dff ecomm Decl. ¶ 1, Dkt. No. 13-3.) Dff ecomm is registered in Wyoming and its principal address is in Buenos Aires, Argentina. (Dff ecomm Articles of Organization, Dkt. No. 1-7.) Santangelo bought a glass saucepan sold through the Amazon.com marketplace by dff ecomm, Filula and

Flotta.[1] (Compl. ¶¶ 2, 3, 5, 6, 10, 12–14, Dkt. No. 1-3.) Amazon shipped the saucepan to her home in Montgomery County, Pennsylvania. (*Id.* ¶ 8, 13.) On May 18, 2024 she used the pot to boil water and it shattered when she took it off the stovetop, causing severe burns to her abdomen, thigh and foot. (*Id.* ¶¶ 19–23.)

Santangelo initiated this products liability action in the Mongomery County Court of Common Pleas. *See* (Compl.) Amazon removed the case to federal court, (Not. of Removal, Dkt. No. 1), then filed an Answer and Crossclaims, incorporating Santangelo's allegations and seeking contribution and indemnification from the other defendants, *see* (Amazon's Answer and Cross-cls., Dkt. No. 7). Dff ecomm and Flotta move to dismiss Santangelo's complaint and Amazon's crossclaims, arguing the Court lacks personal jurisdiction over them. (Dff ecomm and Flotta's Motions to Dismiss, Dkt Nos. 12, 13.) The Court considers the motions together.

II

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), "a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Such a motion "is inherently a matter which requires resolution of factual issues outside the

---

[1] Amazon claims Filula "is not a business entity, rather it is a trademark registered to" dff ecomm, a contention with which Santangelo apparently agrees. (Amazon's Not. of Removal ¶ 15, Dkt. No. 1); (Filula Trademark Certificate, Not. of Removal Ex. F, Dkt. No. 1-8); (Santangelo's Resp. in Opp'n at 2 n.2, Dkt. No. 18-1.) Filula is not an individual nor is it a corporation, so the Court determines its capacity to be sued under Pennsylvania law. Fed. R. Civ. P. 17(b)(c). In Pennsylvania, the use of a trade name "does not create a separate legal entity, but is merely descriptive of a person or corporation who does business under another name. The business name is a fiction, and so too is any suggestion the business is a legal entity separate from its owner." *Burlington Coat Factory of Pa., LLC v. Grace Const. Mgmt. Co., LLC*, 126 A.3d 1010, 1024 (Pa. Super. Ct. 2015) (citations omitted). Filula is an improper defendant. No party raises this issue. In any event, neither Santangelo nor Amazon attempt to carry their burden to establish the Court's jurisdiction over Filula.

pleadings, *i.e.*, whether *in personam* jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (citation modified). But "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht*, 384 F.3d at 97 (citation modified). Still, a plaintiff must prove personal jurisdiction by a preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

Once the defense has been raised, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone." *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (quoting *Time Share*, 735 F.2d at 67 n.9). The "plaintiff must respond with actual proofs, not mere allegations." *Id.*

III

A federal court may exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," so long as the exercise of jurisdiction comports with the Constitution. Fed. R. Civ. P. 4(k)(1)(A); *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). Because Pennsylvania's long-arm statute extends as far as federal due process permits, *see* 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b), the only question is whether exercising personal jurisdiction comports with the Constitution.

Personal jurisdiction can be general or specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021). Dff ecomm is not subject to general personal jurisdiction in Pennsylvania because it is not incorporated here and does not have its principal place of business here. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (citation modified)); *see also Finn v. Great Plains Lending, LLC*, No. 15-4658, 2016 WL 705242, at *3 n. 3 (E.D. Pa. Feb. 23, 2016) (explaining *Daimler*'s reasoning applies with "equal force" to a limited liability company). And nothing shows dff ecomm has a relationship with Pennsylvania so "continuous and systematic as to render [it] essentially at home" here. *See BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 413 (2017) (internal quotation marks and citation omitted). Flotta is not subject to general personal jurisdiction in Pennsylvania because he is not domiciled here nor was he served with process here. *See Daimler*, 571 U.S. at 137; *Burnham v. Super. Ct. of California, County of Marin*, 495 U.S. 604, 610–11 (1990). Neither Amazon nor Santangelo argue defendants are subject to general jurisdiction in Pennsylvania.

Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted). A court may exercise specific jurisdiction over a defendant if the plaintiff's claims "arise[ ] out of or relate[ ] to" the defendant's contacts with the forum State. *Daimler*, 571 U.S. at 127 (internal quotation marks and citation omitted).

IV

The Supreme Court "has articulated two tests for specific jurisdiction: (1) the 'traditional' test—also called the 'minimum contacts' or purposeful availment test . . . and (2) the 'effects' test." *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (first quoting *Int'l Shoe*, 326 U.S. at 316; then quoting *Calder v. Jones*, 465 U.S. 783, 787 & n.6 (1984)). The tests are similar but "have distinct requirements." *See id.* at 189. The *Calder* "effects" test applies to "an intentional tortfeasor whose 'contacts with the forum . . . otherwise [do] not satisfy the requirements of due process' under the traditional test." *Hasson*, 114 F.4th at 187 (alteration in original) (citation modified) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998)). The claims at issue here are not intentional torts, so the "effects" test is inapplicable. *See IMO*, 155 F. 3d at 256 ("[F]or *Calder* to apply, the plaintiff must allege . . . an intentional tort.").

A

The traditional test has three elements. First, the plaintiff must show the defendant has "minimum contacts" with the forum such that it "purposefully avail[ed] itself of the privilege of conducting activities within the forum" and "invok[ed] the benefits and protections of [the forum's] laws." *Hasson*, 114 F.4th at 187 (alterations in original) (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Calif.*, 480 U.S. 102, 109 (1987)). Second, the plaintiff's claims "must 'arise out of or relate to' at least some of the defendant's contacts," "evidencing a strong relationship among the defendant, the forum, and the litigation." *Id.* (quoting *Ford Motor*, 592 U.S. at 365). And third, exercising jurisdiction over the defendant must "comport[] with traditional notions of fair play and substantial justice" such that "the defendant 'should reasonably anticipate

being haled into court' in that forum." *Id.* (alteration in original) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Dff ecomm and Flotta argue they have not purposely availed themselves of this forum because "the Complaint alleges only that [they] listed a product for sale on Amazon's marketplace . . . and that Amazon's own logistics network delivered the product to an [] address listed by Plaintiff." (Mot. to Dismiss at 14, Dkt. No. 13-1.) The gravamen of their argument is that Santangelo and Amazon rely on the sale of a single item to an individual in Pennsylvania and offer no evidence of further contacts with the forum. Dff ecomm claims it has no warehouses, offices, employees, licenses, permits or bank accounts in Pennsylvania, and does not advertise or solicit business in the Commonwealth or regularly conduct business here. *See generally*, (dff ecomm Decl.). Flotta, dff ecomm's sole member, claims the extent of his relationship with Pennsylvania is two visits for personal travel "incidental to his intended travel to other locations." (Mot. to Dismiss Compl. at 7.)

Instead of offering "actual proofs" to establish personal jurisdiction in Pennsyvlania, *see Patterson,* 893 F.2d at 603–04, Santangelo merely claims dff ecomm and Flotta "inevitably" engaged in "a fair number" of sales to Pennsylvania because "over a hundred customers reviewed this product in the United States." (Santangelo's Resp. in Opp'n at 7 n.4.) She concedes she does not know "the magnitude of [dff ecomm and Flotta's] sales in Pennsylvania" and suggests "[p]erhaps [Counterclaimant] Amazon will advise the court of the sales [] in the stream of commerce in Pennsylvania." (*Id.* at 1 n.1.) But Amazon doesn't offer any evidence of sales to Pennsylvania, despite Santangelo's plea. *See* (Amazon's Resp. in Opp'n at 5–6).

1

In response to dff ecomm and Flotta's motions, Santangelo and Amazon make several arguments, most of which rely on non-binding or inapplicable law. Santangelo first argues minimum contacts exist because "Defendants have specifically sold a product to the Plaintiff, who is located in Pennsylvania, through an interactive website (Amazon)." (Santangelo's Resp. in Opp'n at 6, Dkt. No. 18-1.) She relies heavily on *Herbal Brands, Inc. v. Photoplaza, Inc.*, 7 F.4th 108 (9th Cir. 2023) to support the proposition that a single sale through an online intermediary might establish specific personal jurisdiction—indeed both Santangelo and Amazon rely on this case, *see* (Amazon's Resp. in Opp'n at 5, Dkt. No. 20).

As an initial matter, although the reasoning of sister courts can be persuasive, *see Reilly v. City of Atlantic City*, 532 F.3d 216, 229 (3d Cir. 2008), Third Circuit law binds this Court, *see Inst. Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 276 n.50 (3d Cir. 2009). More fundamentally, *Herbal Brands* applied the *Calder* "effects" test, not the traditional test applicable here. 7 F.4th at 1091. And the Third Circuit Court of Appeals has distinguished *Herbal Brands*, explaining the Third Circuit has never "held that simply fulfilling an online sale and causing a product to be delivered in a forum suffices for personal jurisdiction." *Hasson*, 114 F.4th at 195 n.5. Indeed, *Herbal Brands* distinguishes *itself* from the Third Circuit's approach to *in personam* jurisdiction. 7 F.4th at 1097 ("Other circuits have reached different conclusions regarding whether sales to a plaintiff or its agents can be a source of jurisdiction." (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 445–55 (3d Cir. 2003)).

Next, Santangelo asserts and Amazon suggests the "stream-of-commerce" theory supports their claim that dff ecomm and Flotta are subject to personal jurisdiction in Pennsylvania. *See* (Santangelo's Resp. in Opp'n at 9); (Amazon's Resp. in Opp'n at 20 ("There is no indication [dff ecomm and Flotta] were not aware that their products could be directly purchased by Pennsylvania residents and delivered directly to their customers in Pennsylvania.")). A plurality of the Supreme Court has twice rejected the stream-of-commerce theory. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877–85 (2011) (plurality opinion); *Asahi Metal*, 480 U.S. at 108–13 (plurality opinion)). "[I]t is the defendant's actions, not [its] expectations, that empower a State's courts to subject him to judgment." *J. McIntyre*, 564 U.S. 873 at 882–883.

Finally, Amazon contends "the Supreme Court has rejected the argument that a company that is everywhere is jurisdictionally nowhere except its principal place of business and state of incorporation." (Amazon's Resp. in Opp'n at 5 (relying on *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) and *Briskin v. Shopify, Inc.*, 135 F.4th 739, 757 (9th Cir. 2025)). The cases Amazon relies on are both distinguishable. In *Ford*, Ford *conceded* it had purposefully availed itself of the States' markets because it "systematically served a market in [the States] for the very vehicles that the plaintiffs alleged malfunctioned and injured them in those states." 592 U.S. at 365. And in *Briskin*, the court applied the *Calder* "effects" test—not the traditional test applicable here—and found "8% of [Shopify's] worldwide merchants are located in California" and "Shopify knows about its California customer base, [and] conducts its regular business in California . . ." 135 F.4th at 757, 759. Here, the only contact with

this forum Santangelo or Amazon bring to bear is a single sale to an individual in Montgomery County.

2

In the context of personal jurisdiction over claims related to online commerce, *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), is a "seminal authority." *Toys "R" Us,* 318 F.3d at 452. In *Zippo*, the court explained the exercise of personal jurisdiction is based on a sliding scale. 952 F. Supp. at 1124. The court found personal jurisdiction where a defendant "clearly does business over the Internet" in the forum state and where the claim arises out of the use of the defendant's website. *Toys "R" Us*, 318 F. 3d at 452 (citing *Zippo*, 952 F. Supp. at 1124). Selling a product over the internet, however, is not alone sufficient to establish personal jurisdiction. "[T]here must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us*, 318 F.3d at 454.

"[T]he critical finding that the defendant purposefully availed itself of the privilege of conducting activities within the forum requires contacts that amount to a deliberate reaching into the forum state to target its citizens." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103–04 (3d Cir. 2009). Thus, a "defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Due process "requires that a defendant be haled into court in a forum State based on his *own* affiliation with the State." *Id.* (emphasis added). Santangelo and Amazon fail to meet their burden of

showing dff ecomm and Flotta made purposeful contact with Pennsylvania. The use of a third-party website to facilitate a single sale does not satisfy the "purposeful availment" standard required by *Toys "R" Us*. *See Colur World, LLC v. Supmedic, Inc.*, 801 F. Supp. 3d 524, 533 (E.D. Pa. 2025) ("[I]ntermitten or marginal sales *via* a virtual storefront intermediary, absent any other contacts, are insufficient to establish personal jurisdiction."); *Flipside Wallets LLC v. Brafman Grp. Inc.*, No. 19-5356, 2020 WL 1330742, at *2–3 (E.D. Pa. Mar. 19, 2020) (finding the sale of seven items to Pennsylvania residents via Amazon insufficient to establish purposeful availment).

Because neither Santangelo nor Amazon carry their burden to show dff ecomm or Flotta purposefully availed themselves of this forum, the second and third steps of the traditional personal jurisdiction test are unnecessary. *See O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007); *see also Jovanovic v. U.S. Olympic and Paralympic Comm.*, No. 22-2098, 2025 WL 1218155, at *4 (D.N.J. Apr. 28, 2025) ("Because Plaintiff cannot show purposeful availment, the Court need not address the remaining two prongs of the specific personal jurisdiction analysis.").

B

In a footnote, Santangelo "suggest[s] that a short period of jurisdictional discovery be granted to determine the number of additional contacts [dff ecomm and Flotta] have with Pennsylvania consumers of their products." (Santangelo's Resp. in Opp'n at 2 n.2.) "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Toys "R" Us*, 318 F.3d at 456 (internal citations and quotation marks omitted). An "unsupported allegation that the

defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass. Sch. of L. at Andover, Inc. v. Am. B. Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citations omitted).

Santangelo offers only vague assertions about other contacts with Pennsylvania. *See* (Santangelo's Resp. in Opp'n at 7 n.4 (referencing 111 reviews on Amazon, claiming the reviews permit "a reasonable inference that there have been thousands of customers nationwide, and a fair number inevitably from Pennsylvania")). She offers no jurisdictional evidence as to Flotta, and in any event, "[w]here the defendant is an individual, the presumption in favor of discovery is reduced." *Heartrepreneur, LLC v. Jones*, No. CV 18-2417, 2020 WL 2839102, at *5 (E.D. Pa. June 1, 2020). Although jurisdictional discovery is "particularly appropriate where the defendant is a corporation," *Metcalf v. Renaissance Marine, Inc.*, 56 F.3d 324, 336 (3d Cir. 2009), dff ecomm is not in sole possession of information that might establish personal jurisdiction. Indeed, Santangelo requested such information from Amazon, a party with common interest on this issue and that presumably knows how much business dff ecomm conducts in Pennsylvania. But Amazon brings no proof to bear on the subject and does not itself argue in favor of jurisdictional discovery.

Jurisdictional discovery is appropriate where a plaintiff's request is "specific, non-frivolous, and a logical follow-up based on information known" to them. *Toys "R" Us*, 318 F.3d at 458. Santangelo "may not [] undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

V

A court should grant a plaintiff leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court need not do so when amendment would be "futile." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018). Amendment is futile if it would not "cure the deficiency" in the complaint or would not "withstand" another motion to dismiss. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Santangelo cannot amend her complaint to allege jurisdictional facts which could show the Court has specific personal jurisdiction.

Santangelo argues that if the Court does not find "the required minimum contacts, then . . . this case at a minimum should be transferred to the Federal Court in Wyoming since Defendants have a registered office in Wyoming." (Santangelo's Resp. in Opp'n at 8.) When a court dismisses claims for lack of personal jurisdiction, it must at least consider transferring the case. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). But district courts possess "broad discretion not to transfer" a case, particularly where "a plaintiff may, on [her] own, refile [her] case in a proper forum." *Id.* at 132–33. Santangelo "proffers no grounds for transferring the action" to Wyoming other than the existence of an office in that State. *Dalal v. Clearview AI, Inc.*, No. 24-10380, 2025 WL 1726259, at *10 (D.N.J. May 1, 2025). She does not "raise any concern that [her] claims might become time-barred if the case were dismissed without prejudice."[2] *33 Taps, LLC v. Heartland Payment Sys., LLC*, No. 21-

[2] Wyoming has a four-year statute of limitations for personal injury claims. Wyo. Stat. Ann. § 1-3-105(a)(iv)(C). The incident that caused Santangelo's injuries happened on May 18, 2024. To the extent Santangelo seeks to refile her claims in some other forum, the doctrine of wrong-forum tolling may preserve her claims. *See Williams v. Tech Mahindra (Americas) Inc.*, No. 24-1434, 2024 WL 5055834, at *2 (3d Cir. Dec. 10, 2024).

13855, 2025 WL 1502918, at *6 (D.N.J. May 27, 2025). The mere mention of an alternate forum, without briefing as to its propriety, leaves the Court "unaware of any interests and intentions that have led the parties" not to seek transfer in earnest. *See Rinaldi v. FCA US LLC*, No. 22-886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.